IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| RICHARD CASEY,<br><br>  Plaintiff,<br><br>v.<br><br>TRADE IN TRANSPORT, INC.,<br><br>  Defendant. | CIVIL NO. _____<br><br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiff Richard Casey files the following Complaint against Trade In Transport, Inc. ("Trade In Transport") or ("Defendant"), seeking damages and other relief as set forth below.

## Nature of Complaint

1.

This action sets forth claims for violations of two federal statutes: (1) the federal Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"); and (2) the Internal Revenue Code prohibition against filing fraudulent information returns as set forth in 26 U.S.C. § 7434. Plaintiff was an employee of Trade In Transport from October 2019 through October 2021 (referred to herein as the "relevant time period"), where he worked under a contract of employment promising

1

him a weekly salary of $500.00 for the first year, and $1,000.00 for the second year. Despite knowing that Plaintiff regularly worked in excess of 40 hours per week, Defendant refused to pay Plaintiff overtime wages. Based on these and other wrongs, Plaintiff seeks actual and liquidated damages for Defendant's willful failure to pay federally mandated wages as well as all other available relief.

## The Parties

2.

Plaintiff Richard Casey is a citizen of the United States and a resident of the State of Georgia, Coweta County. Plaintiff submits himself to the jurisdiction of this Court.

3.

Defendant Trade In Transport, Inc. is a Georgia corporation that transacts business from its principal place of business in Buford, Georgia. Trade In Transport is subject to service of process via its registered agent, KGI Law Firm, at the registered office address 3700 Crestwood Parkway NW, Ste 350 in Duluth, Georgia 30096.

## Jurisdiction and Venue

4.

Plaintiff's claims arise under federal law so that this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

5.

This Court has personal jurisdiction over Trade In Transport because Trade In Transport is a Georgia corporation transacting business in Georgia, entered into a contract with Plaintiff in the state of Georgia, employed the Plaintiff in Georgia, and Plaintiff's claims arise directly out of Trade In Transport's Georgia-based business activities.

6.

This is an appropriate venue for all of Plaintiffs' claims pursuant to 28 U.S.C. § 1391 as the judicial district in which the events and omissions giving rise to Plaintiff's claims occurred.

## The Facts

### Mr. Casey's Employment by Defendant, an Employer under the FLSA, and His Compensation

7.

Trade In Transport is a private employer engaged in interstate freight shipping and trucking.

8.

Trade In Transport has operations and employees in multiple states and it transacts business across state lines.

9.

Trade In Transport is an enterprise engaged in commerce within the meaning of the FLSA.

10.

Trade In Transport's gross revenues exceeded $500,000 throughout the relevant time period.

11.

Trade In Transport is an "employer" under the FLSA, 29 U.S.C. § 203(d).

12.

As an employer under the FLSA, Trade In Transport is subject to the minimum wage and maximum hours requirements of the FLSA, 29 U.S.C. §§ 206-07.

13.

Mr. Casey was, at all times relevant hereto, an "employee" of Trade In Transport within the meaning of the FLSA, 29 U.S.C. § 203(e).

14.

Mr. Casey worked as a dispatcher for Trade In Transport from October 2019 until his resignation on or about October 2021.

15.

In performing his job duties as a dispatcher, Mr. Casey regularly used the instrumentalities of interstate commerce in performing his work, including regular and recurrent use of interstate telephone, email, web-based communication, and mail.

16.

Plaintiff's job involved regular communication with customers, vendors, and other employees as well as with officers and agents Defendant via email, text message and phone, which communications often crossed state lines.

17.

Although Mr. Casey's written agreement with Trade In Transport stated he was engaged as a contractor, the economic reality is that he worked as an employee in every way.

18.

Trade In Transport exercised control over the manner in which Mr. Casey was to perform his work.

19.

Mr. Casey worked exclusively for Trade In Transport throughout his employment there and did not render the same or similar services to anyone else.

20.

Mr. Casey's work was integral to Trade In Transport's business.

21.

Mr. Casey had no opportunity for profit or loss depending on his managerial skill; instead, he was paid the same flat weekly rate regardless of how he performed or the results he attained.

22.

Although Mr. Casey was skilled at his job and performed his duties well, his work did not require a special skill in the manner that is relevant to determination of whether he was an employee under the FLSA.

23.

Mr. Casey worked for Trade In Transport on an indefinite basis over a period extending two years, until his voluntary resignation in October 2021.

24.

Defendant paid Mr. Casey a flat fee of $500.00 per week from October 2019 to October 2020, and a flat fee of $1,000.00 per week from October 2020 to October 2021.

25.

Mr. Casey's weekly salary of $500 did not meet the minimum of $680 required as of January 1, 2020 to satisfy the salary-basis test applicable to the white-collar exemptions under the FLSA.

26.

Mr. Casey's primary duties throughout the relevant time period included dispatching drivers and performing repair and maintenance work on Trade In Transport's vehicles and equipment.

27.

Mr. Casey's duties throughout the relevant time period did not satisfy the requirements of any of the white-collar exemptions under the FLSA. Among other things, his duties did not include supervision of any other employees with authority to hire and fire, and did not include either work related to the management or the general business operations of the company or the exercise of independent discretion and judgment as to matters of significance.

28.

Mr. Casey was entitled to receive at least the federal minimum wage of $7.25 for each hour worked and premium pay at one and one half times his regular rate of pay for all hours worked in excess of 40 during each workweek.

29.

Mr. Casey regularly worked in excess of 40 hours each work week. He typically worked five days per week, approximately 10-12 hours per day, for a total of 50-60 hours in most weeks.

30.

Because Mr. Casey regularly worked more than 40 hours per week, all of the hours he worked in excess of 40 hours should have been compensated at the overtime premium of one and one half times his regular rate of pay.

31.

Trade In Transport did not ever pay Mr. Casey any overtime premium, whether calculated at one and one half times his regular rate of pay or otherwise; instead, he was always paid the same flat amount per week regardless of the number of hours he worked.

32.

In some weeks, Trade In Transport did not even pay Mr. Casey a minimum wage based on the number of hours he worked.

33.

Defendant has not maintained complete records of all hours worked by Plaintiff, as required by law, during the relevant time period.

Trade In Transport's Fraudulent Filing of Tax Documents

34.

Even though Plaintiff worked as an employee, Trade In Transport paid him as if he were an independent contractor by issuing him checks for the gross amount of his weekly pay, not subject to any withholdings.

35.

Trade In Transport did not pay any payroll taxes in relation to Plaintiff's compensation and did not pay any amounts toward Social Security or Medicare on Plaintiff's behalf.

36.

In connection with paying him as an independent contractor, Defendant filed with the Internal Revenue Service Forms 1099 in relation to Plaintiff's compensation, which falsely and fraudulently indicated that he was a contractor rather than an employee.

37.

Defendants knew that the 1099 information returns filed in relation to Plaintiff were false and fraudulent, as contemplated by 26 U.S.C. § 7434, and acted willfully in issuing such fraudulent information return, because they filed a 1099 instead of a W-2 even though Plaintiff worked as an employee.  Defendant did so in order to avoid paying taxes, and despite Defendant's knowledge of Plaintiff's employment.

38.

By filing false and fraudulent information returns for Plaintiff, Defendant caused Plaintiff to incur damages which are recoverable under 26 U.S.C. § 7434.

## COUNT I
## VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT –

39.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

40.

Defendant has violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for the time Mr. Casey worked in excess of 40 hours in each work week.

41.

Defendant has also violated the FLSA, 29 U.S.C. § 206, by failing to pay Mr. Casey at least a minimum wage for all hours worked in at least some work weeks.

42.

Defendant knew, or showed reckless regard for the fact that it failed to pay minimum wages and overtime compensation as required under the FLSA.

43.

Defendant's conduct as alleged herein was willful and in bad faith.

44.

Due to Defendant's willful violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, plus liquidated damages in an equal amount, his attorney's fees, and the costs of this litigation, pursuant to FLSA § 16, 29 U.S.C. § 216.

45.

Defendants failed to accurately report, record, and/or preserve records of hours worked by Plaintiff, and thus failed to make, keep and preserve records sufficient to determine Plaintiffs' wages, hours, and other conditions and practices of employment, in violation of the FLSA.

### COUNT II
### FILING OF A FRAUDULENT INFORMATION RETURN UNDER 26 U.S.C. § 7434

46.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

47.

Defendant reported Plaintiff's income to the IRS on an informational Form 1099.

48.

Defendant did not withhold any income taxes, Social Security, Medicare, or other taxes from Plaintiff's compensation at any time during his employment.

49.

Defendant did not make any Social Security, Medicare or payroll or other tax payments on Plaintiff's behalf at any time during his employment.

50.

Plaintiff was an employee of Trade In Transport.

51.

Defendant was aware at the time it reported Plaintiff's income on a Form 1099 that he was not an independent contractor but instead was an employee, as reflected in his contract.

52.

Defendant reported Plaintiff's income on a Form 1099 rather than a W-2 in order to avoid the tax obligations that fall on the employer as to employees.

53.

The 1099s filed with the IRS in relation to Plaintiff's income from Trade In Transport are fraudulent because they falsely report his income as that of an independent contractor when he actually performed services as an employee.

54.

Defendant's filing of the 1099s as to Plaintiff was willful, with full knowledge, and in a direct violation of 26 U.S.C. § 7434.

55.

As a proximate cause of Defendant's willful and wrongful filing of fraudulent information returns as to Plaintiff, Plaintiff has incurred and/or will incur damages, including but not limited to costs attributable to resolving any deficiencies that result from such filings as well as attorneys' fees and expenses of litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and requests the following relief:

a) A declaratory judgment that Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.* and 26 U.S.C. § 7434;

b) A judgment awarding Plaintiff his unpaid wages pursuant to 29 U.S.C. §§ 206-207, liquidated damages as provided by 29 U.S.C. § 216, court costs and attorney's fees as provided by 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

c) A judgment awarding Plaintiff damages, including attorney's fees and costs, for Defendant's filing of a fraudulent information return pursuant to 26 U.S.C. § 7434;

d) A judgment awarding Plaintiff any other actual, compensatory, consequential, liquidated, punitive, and all other available damages, in an amount to be determined by the enlightened conscience of the jury;

e) A judgment awarding Plaintiff pre-judgment and post-judgment interest, as provided by law; and

f) A judgment awarding Plaintiff all other and further relief as this Court deems just and proper.

Respectfully submitted this 19th day of January, 2022.

*s/Lisa D. Taylor*
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@stembridgetaylor.com
John T. Stembridge
Georgia Bar No. 678605
john@stembridgetaylor.com
**Stembridge Taylor LLC**
2951 Piedmont Road, Suite 200
Atlanta, GA 30305
Telephone: 404-604-2691

*Attorneys for Plaintiff*