**SETTLEMENT AGREEMENT, MUTUAL RELEASE, AND WAIVER OF CLAIMS**

This Settlement Agreement, Mutual Release, and Waiver of Claims (hereinafter "Agreement") is entered into by and between Richard Casey ("Casey"), on the one hand, and Chang Won Jung, Seung Min Shim, and Iris Lee (Jung, Shim and Lee, collectively, the "Individual Defendants") and Trade in Transport, Inc. (the "Company") (together, the Individual Defendants and the Company are referred to herein as "Company Litigants"), on the other hand.  Casey and the Company Litigants are collectively referred to herein as the "Parties." The Parties wish to settle, waive, release, and agree to discharge all claims, controversies, demands, actions or causes of action, including but not limited to those which were raised in or which could have been raised in the following lawsuits: <u>Richard Casey v. Trade in Transport, Inc</u>., Civ. No. 3:22-mi-99999-UNA, currently pending in the United States District Court for the Northern District of Georgia, Newnan Division (the "Federal Court") (the Federal Court lawsuit is referred to herein as the "Federal Litigation"), and <u>Trade in Transport, Inc. v. Richard Casey</u>, Civ. No. SUV2021001402, filed in the Superior Court of Coweta County ("State Court") (the State Court lawsuit is referred to herein as the "State Litigation").

**1**.     **Effective Date.**  This Agreement shall be effective and enforceable upon approval by the Court as set forth in paragraph 2, below. (the "Effective Date").

**2.**     **Court Approval.**  The Parties agree that in order for there to be a valid settlement in the Federal Litigation, this Agreement must be approved by the Federal Court. Accordingly, the Parties agree to jointly request the Federal Court's approval of this Agreement. The Parties further agree that this Agreement is null and void if it is not approved by the Federal Court.

**3.**     **Consideration.**   For and in consideration of the mutual promises, recitals, releases, waivers, terms, and conditions set forth in this Agreement, the Company will pay Casey the total gross settlement amount of Eighty-Five Thousand Dollars ($85,000.00) (the "Settlement Payment").

**4.**     **Timing of Payments; Tax Forms; Payment of Mediation Costs.**

     A.     The settlement payment shall be delivered, in the form of a check drawn on the lawyer trust account of the Company's counsel, via overnight delivery (either UPS or FedEx) to the office of Stembridge Taylor LLC, 2951 Piedmont Road, Suite 200, Atlanta, GA 30305, within fourteen (14) days after the Court approves this Agreement.  The check shall be payable to "Stembridge Taylor LLC" and shall not be subject to any deductions or withholdings.

     B.     The Company will provide a 1099 to Casey for the amount of the settlement.  Casey's attorneys shall provide the Company with a completed IRS Form W-9 on or before the date on which the Parties file their joint motion for approval of this Agreement by the Federal Court.

     C.     Pursuant to the agreement reached between the Parties' counsel prior to the global mediation that took place on June 6, 2022 at Henning Mediation and Arbitration, the Company

shall pay any and all fees, costs, invoices, or bills incurred in relation to that mediation, including any fees charged by Henning and by mediator Antonio DelCampo.

**5.      No Tax Representations.**   Casey represents and warrants that neither his counsel, Defendants or their attorneys, nor anyone affiliated with the Defendants has made any representation regarding the tax treatment of the consideration referenced in Section 3, and that Casey has not relied upon any such representation in entering into this Agreement. Casey has had full opportunity to obtain the advice of his own tax professional with respect to this Agreement and the transactions contemplated hereby.

**6.      Mutual Release of Claims and Dismissal of Action.**

      **A.**     Casey, for and on behalf of himself and his past, present, and future agents, representatives, attorneys, assigns, heirs, family members, and executors hereby fully, finally, and forever waives, releases, settles, and discharges the Individual Defendants and the Company, together with all of their respective past, present, and future shareholders, members, partners, officers, directors, managers, parent companies, subsidiaries, affiliates, agents, representatives, attorneys, assigns, heirs, family members, and executors, from any and all past, present, and future claims, causes of action, demands, liabilities, obligations, judgments, promises, causes of action, disputes, controversies, damages, fees, costs, and amounts of every nature, which were or could have been raised in the Federal Litigation, State Litigation, or any other proceeding or forum, whether known or unknown, anticipated or unanticipated, fixed or contingent, asserted or unasserted, in law or in equity, and whether arising in contract, tort, under statute or otherwise, that may have existed or exist as of the Effective Date, including those arising under the Fair Labor Standards Act, and any and all other federal, state, or local laws, statutes, regulation, or ordinances governing employment, payment of wages, compensation, and overtime, and also including any claims for costs, expenses and attorney's fees (collectively, "Casey Released Matters"). This release does not apply to any claims arising from either this Agreement or actions or failure to act by any of the Company Litigants after the Effective Date of this Agreement.

      **B.**     Each of the Company Litigants, for and on behalf of their respective past, present, and future shareholders, members, partners, officers, directors, managers, parent companies, subsidiaries, affiliates, agents, representatives, attorneys, assigns, heirs, family members, and executors hereby fully, finally, and forever waives, releases, settles, and discharges Casey and all of his past, present, and future agents, representatives, attorneys, assigns, heirs, family members, and executors, from and against any and all past, present, and future claims, causes of action, demands, liabilities, obligations, judgments, promises, causes of action, disputes, controversies, damages, fees, costs, and amounts of every nature, which were or could have been raised in the State Litigation, Federal Litigation, or any other proceeding or forum, whether known or unknown, anticipated or unanticipated, fixed or contingent, asserted or unasserted, in law or in equity,  and whether arising in contract, tort, under statute, or otherwise, that may have existed or exist as of the Effective Date, including but not limited to claims for breach of contract, breach of non-compete agreement, tortious interference with business relations or contract, breach of fiduciary duty, and any and all other federal, state, or local laws, statutes, regulations, or ordinances, including any claims for costs, expenses and attorney's fees (collectively, "Company Litigant Released Matters"). This release does not apply to any claims arising from either this Agreement or actions or failure to act by Casey after the Effective Date of this Agreement.

   **C.** The Parties agree that the Casey Released Matters and Company Litigant Released Matters specifically include, but are not limited to, any and all claims, demands, liabilities, obligations, judgments, promises, causes of action, damages, fees, costs, and amounts for compensatory and/or exemplary damages and/or other relief of any nature, whether or not specifically or particularly described herein, and all attorney's fees and costs.  The Parties expressly waive any right or claim of right to assert hereafter that any claim, demand, obligation and/or cause of action has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

   **D.** Within five (5) days of receiving Defendants' payment in full of all sums due under this Agreement, Casey shall cause the Federal Litigation to be dismissed, with prejudice, by filing a Joint Stipulation of Voluntary Dismissal with Prejudice with the Federal Court. Notwithstanding any of the foregoing terms of this Section 6, the release of claims reflected herein shall become null and void, and of no effect, if the Settlement Payment is not made in full within the required time period under this Agreement.

   **E.** Within five (5) days of the Federal Court's approval of this Agreement, the Company shall file a Stipulation of Voluntary Dismissal with Prejudice of the State Litigation in the State Court.

**7.** **<u>Claims Not Released.</u>**  Casey is not waiving any rights he may have to: (a) his own vested accrued employee benefits under any applicable health, welfare, or retirement benefits plans as of the Effective Date; (b) benefits and/or the right to seek benefits under the applicable state unemployment benefits laws; (c) disability benefits; (d) pursue claims which by law cannot be waived by signing this Agreement; or (e) enforce this Agreement.

**8.** **<u>Affirmation of No Other Claims</u>.**

   **A.** Casey hereby represents, warrants, and affirms that he has not filed or caused to be filed any other claim, charge, complaint, suit, demand or action against of the Company Litigants or any person or entity covered by the Casey Released Matters, and Casey has no intention to make (or cause to be made) any such filing.

   **B.** Each of the Company Litigants hereby represents, warrants, and affirms that he/she/it has not filed or caused to be filed any other claim, charge, complaint, suit, demand or action against Casey or any person or entity covered by the Company Litigant Released Matters, and that he/she/it has no intention to make (or cause to be made) any such filing.

**9.** **<u>Compromise</u>.** The Parties agree that this Agreement and the aforementioned consideration (Settlement Payment) are a complete compromise and settlement of all matters contained in and pertaining to the State Lawsuit and Federal Lawsuit, including disputed issues of law and fact. The Parties agree that neither this Agreement nor the aforementioned consideration (Settlement Payment) is evidence of and shall not be construed as an admission of liability or wrongdoing on the part of any of the Company Litigants or Casey and that they have entered into this Agreement solely to avoid the additional expenses and additional costs of litigation.

10. **Binding Nature.**  This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party and his, her or its agents, directors, officers, employees, servants, heirs, successors, and assigns.

11. **Construction.**  This Agreement has been negotiated at an arm's length, with all Parties represented by counsel, and it shall not be construed in favor of one Party or against the other.

12. **Severability.** This Agreement is contingent upon approval by the Federal Court and shall be null and void in its entirety if it is not approved by the Federal Court.  After the Effective Date, should any court find any part or provision of this Agreement to be unenforceable, such finding shall not affect the validating or enforceability of any other part or provision.

13. **Compliance with Terms.**  The failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in the Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

14. **Governing Law; Jurisdiction.**  This Agreement shall be governed by and shall be interpreted in accordance with the substantive laws of the State of Georgia.  The Parties agree that the United States District Court for the Northern District of Georgia, Judge Timothy C. Batten, shall retain jurisdiction to enforce the terms of this Agreement as part of the Federal Litigation through and until the Settlement Amount is paid in full.  Thereafter, the parties agree to the jurisdiction of the state or federal courts in Georgia to determine any dispute arising out of or related to this Agreement or the breach or alleged breach thereof.

15. **Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties relating to the subject matter hereof and fully supersedes any and all prior agreements or understandings between the Parties, including but not limited to the Non-Competition and Non-Solicitation Agreement entered into between Casey and the Company on October 25, 2019.  Without limiting the foregoing, and solely by way of explanation for the avoidance of doubt, the Parties expressly agree and understand that Casey shall have no ongoing obligation to comply with any express or implied promise to refrain from (a) engaging in any particular business, (b) soliciting any person or entity for any business or other purpose, or (c) using or disclosing any information, whether considered or treated as confidential by any Party or otherwise, and that nothing shall prohibit or restrict him from engaging in any business or other activity that he may choose.

16. **Enforcement of Agreement**  In any action or proceeding to enforce the terms of this Agreement, the prevailing party shall be entitled to recover his, her or its reasonable attorney's fees and costs.

17. **Counterparts, Amendment.**  The Parties may execute this Agreement in separate counterparts, including via electronic signature or electronic image of an actual signature, which together shall constitute the Agreement.  No modification or amendment to this Agreement shall be binding unless made in writing and duly signed by an appropriate representative of all Parties.

FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, EACH OF CASEY, THE COMPANY AND THE INDIVIDUAL DEFENDANTS ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS ANY OF THEM HAS OR MAY HAVE AGAINST ANY OTHER PARTY.

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the Effective Date.

| **RICHARD CASEY** | **TRADE IN TRANSPORT, INC.** |
|---|---|
| _____ Signature | Signature: _____[signed]_____ |
| | Name: __CHANG W. JUNG__ |
| _____ Date | Title: __CEO__ |
| | Date: __6/24/22__ |
| | **CHANG WON JUNG** |
| | _____[signed]_____ Signature |
| | __6/24/22__ Date |
| | **SEUNG MIN SHIM** |
| | _____[signed]_____ Signature |
| | __6/24/22__ Date |
| | **IRIS LEE** |
| | _____[signed]_____ Signature |
| | __6/24/22__ Date |

**FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, EACH OF CASEY, THE COMPANY AND THE INDIVIDUAL DEFENDANTS ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS ANY OF THEM HAS OR MAY HAVE AGAINST ANY OTHER PARTY.**

IN WITNESS WHEREOF, the Parties have executed and delivered this Agreement as of the Effective Date.

| **RICHARD CASEY** | **TRADE IN TRANSPORT, INC.** |
|---|---|
| */s/ Richard Casey* <br> Signature <br><br> 06 / 23 / 2022 <br> _____ <br> Date | Signature:_____ <br><br> Name: _____ <br><br> Title: _____ <br><br> Date: _____ <br><br> **CHANG WON JUNG** <br><br> _____ <br> Signature <br><br> _____ <br> Date <br><br> **SEUNG MIN SHIM** <br><br> _____ <br> Signature <br><br> _____ <br> Date <br><br> **IRIS LEE** <br><br> _____ <br> Signature <br><br> _____ <br> Date |

Doc ID: b51caacdb8623141202339072b6671e8b08f7155



# Audit Trail

| | |
|---|---|
| **TITLE** | 2022_06_12 Casey TITI Settlement Agreement.pdf |
| **FILE NAME** | 2022_06_12%20Case...t%20Agreement.pdf |
| **DOCUMENT ID** | b51caacdb8623141202339072b6671e8b08f7155 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

This document was requested from app.clio.com

## Document History

**SENT**  
06 / 23 / 2022  
14:48:11 UTC  
Sent for signature to Richard Casey (rhcasey1464@att.net) from victoria@stembridgetaylor.com  
IP: 73.237.131.100

**VIEWED**  
06 / 23 / 2022  
18:32:13 UTC  
Viewed by Richard Casey (rhcasey1464@att.net)  
IP: 172.242.37.194

**SIGNED**  
06 / 23 / 2022  
18:33:50 UTC  
Signed by Richard Casey (rhcasey1464@att.net)  
IP: 172.242.37.194

**COMPLETED**  
06 / 23 / 2022  
18:33:50 UTC  
The document has been completed.

Powered by HELLOSIGN